UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SCOTT EADES, | § |  |
|---|---|---|
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| v. | § | CIVIL ACTION NO. 3: 08-CV-0617-B |
|  | § |  |
| DAN MOBLEY, | § |  |
|  | § |  |
| Defendant. | § |  |

## **MEMORANDUM ORDER**

Before the Court is Defendant's Motion to Dismiss (doc. 11). For the reasons that follow, the Court GRANTS the motion.

### I. BACKGROUND

Plaintiff Scott Eades, a mail carrier, alleges as follows. Dan Mobley, a customer service supervisor for the United States Postal Service in the Caesar Clark Station in Dallas, falsely accused Eades of assault. Eades was then arrested by the local police and, from that arrest, now purportedly suffers from physical, mental and financial loss. Eades first filed a union grievance in January 2008 and a complaint with the Equal Employment Opportunity Commission (EEOC) in February 2008. Eades then filed the instant action in the J-191st Judicial District in Dallas, and, on April 9, 2008, Defendant removed to this Court (doc. 1). On May 29, 2008, Defendant moved to dismiss Eades' claims under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The motion is now ripe for consideration.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the subject matter jurisdiction of a district court over an action. The court must search for "a plausible set of facts" by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) *citing Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see, e.g., Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (affirming court's dismissal for lack of subject matter jurisdiction).

## III. ANALYSIS

Defendant contends the Court lacks subject matter jurisdiction because Eades has failed to show that he exhausted his administrative remedies. Under the Federal Tort Claims Act, a plaintiff must first present his claim to the "appropriate Federal Agency," in this case, the United States Postal Service. 28 U.S.C. §§ 2401(b), 2675. Upon review of authority, the complaint and record evidence, the Court finds that Eades has failed to exhaust his administrative remedies. Eades' evidence that he filed a union complaint in January 2008 and with the EEOC in February 2008 are, as a matter of law, insufficient to meet the required exhaustion of administrative remedies. *Rosales v. Martinez*, 134 F.3d 369, 1997 WL 811827 (5th Cir. 1997) (union grievance did not prevent dismissal for failure to exhaust administrative remedies); *see also Corey v. McNamara*, 409 F. Supp.2d

1225, 1227-28 (D. Nev. 2006) (finding labor union grievance did not satisfy administrative exhaustion requirement). In other words, Eades was required to, but as the complaint and evidence demonstrates, did not file any claim with the USPS. *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984) (remarking that government agency must be given full notice to assess tort claim). Dismissal for lack of jurisdiction is therefore warranted. *McAfee v. 5th Circuit Judges,* 884 F.2d 221, 222-23 (5th Cir. 1989) (holding that courts lack jurisdiction under the FTCA when plaintiff has not exhausted remedies).

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED. The Court hereby DISMISSES the action without prejudice.

**SO ORDERED.**

**DATED: October 6, 2008**

*[signature]*
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**